UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BEVERLY DAWKINS

    Plaintiff,

V.                                        CIVIL ACTION NO

TRANSWORLD SYSTEMS INC.

    Defendant.                     NOVEMBER 4, 2015

## COMPLAINT

Plaintiff, sues Defendant a licensed collection agency doing business Maryland and alleges:

## I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 D.S.C. § 1692, *et sequi,* known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

## III. ALLEGATIONS AS TO PARTIES

3. Plaintiff is a resident of Hyattsville, Maryland.

4. At all times material hereto, Defendant, ("Collection Agency), was licensed as a collection agency as required by the Maryland Department of Financial Regulation.

5. At all times material hereto, Defendant was doing business in Maryland.

6. At all times material hereto, Defendant, was acting like a licensed collection agency with a principal place of business located at Suite 275, 2235 Mercury Way, Santa Rosa, CA 95407.

7. Defendant is or was engaged in the collection of debts from consumers using the mail or telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in the State of Maryland.

## IV. FACTUAL ALLEGATIONS

8. Defendant regularly collected or attempted to collect monies from consumers for delinquent or alleged delinquent student loan debt.

9. On or about August 7, 2015, Defendant communicated with the Plaintiff for the purpose of collecting monies for an alleged delinquent account with National Collegiate Student Loan Trust in the amount of $28,144.53.

10. National Collegiate Student Loan Trust purchased this account in default and is a debt buyer and required to be licensed in the State of Maryland as a collection agency.

11. National Collegiate Student Loan Trust is not licensed as a collection agency.

12. Defendant is collecting a debt on behalf of an unlicensed collection agency and knew or should have known.

## V. DEFENDANTS' PRACTICES

13. It is or was the policy and practice of Defendant to communicate with Plaintiff a Maryland consumer in a manner which was reasonably calculated to be false, deceptive and misleading in violation of §1692e

14. It is or was the policy and practice of Defendant to communicate with Plaintiff a Maryland consumer in a manner which was reasonably calculated to collect a debt which is not legally owed, this debt was cancelled by the original creditor JP Morgan Chase Bank N.A, Chase National Recovery Group on October 11, 2013.

## VI. ALLEGATIONS OF LAW

A. <u>General</u>

15. At all times material hereto, Plaintiff was a "consumer" as said term is

16. At all times material hereto, National Collegiate Student Loan Trust, represented by Defendant was a "creditor" as said term is defined under 15 U.S.C. §1692a (4).

17. At all times material hereto, the amount purportedly owed to National Collegiate Student Loan Trust represented by Defendant was a "debt" as said term is defined under 15 U.S.C. §1692a (5).

### A. Unlawful Claim

18. With respect to the attempt by Defendant to collect the alleged debt as more particularly described above, the conduct of Defendant violated the FDCPA, including but not limited to:

a. The use of false representations, deceptive or misleading representations or means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e

b. The use of unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

19. As a result of Defendant's' conduct, Plaintiff is entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

20. Plaintiff is entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. § 1692k.

**WHEREFORE, Plaintiff, an individual, requests judgment be entered in her favor against Defendant for:**

1. Actual and statutory damages pursuant to 15 U.S.C. §1692k;

2. An award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k; and

3. Such other and further relief as the Court may deem just and equitable.

THE PLAINTIFF,

BY/S/Bernard T. Kennedy
The Kennedy Law Firm
P.O. Box 673
Blairsville, GA 30512
Ph  (443) 607-8901
Fax (443) 440-6372
Fed. Bar # Md26843
bernardtkennedy@yahoo.com